O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| RICHARD ABELAR, | ) | Case No. CV 15-3136-ODW (KK) |
| Petitioner, | ) | |
| v. | ) | **MEMORANDUM AND ORDER SUMMARILY DISMISSING ACTION** |
| AMY MILLER, | ) | |
| Respondent. | ) | |

On April 27, 2015, Richard Abelar ("Petitioner"), a California state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State Custody (the "Petition") pursuant to 28 U.S.C. § 2254.  For the reasons discussed below, the Petition is dismissed without prejudice because it contains claims that have not been exhausted in state court.

///

///

///

# I.

# **PROCEDURAL HISTORY**[1]

On April 4, 2012, following a jury trial in Los Angeles County Superior Court, Petitioner was convicted of murder, in violation of California Penal Code section 187(a). See Pet. at 2.[2] On May 18, 2012, the trial court sentenced Petitioner to fifteen years to life in state prison. Id.

On September 11, 2013, the California Court of Appeal affirmed Petitioner's convictions in a reasoned decision on direct appeal. Id. at 3. On December 11, 2013, the California Supreme Court denied discretionary review of the appeal.

On February 13, 2015, Petitioner filed a petition for a writ of habeas corpus in the California Court of Appeal. On March 20, 2015, the California Court of Appeal denied the petition. Id. at 4.

On April 27, 2015, Petitioner filed the instant Petition in this Court. (ECF Docket No. 1). In the Petition, Petitioner sets forth eight grounds for habeas relief: (1) ineffective assistance of trial counsel ("Claim One"); (2) instructional error ("Claim Two"); (3) ineffective assistance of trial counsel ("Claim Three"); (4) ineffective assistance of trial counsel ("Claim Four"); (5) insufficient evidence supporting a sentencing enhancement ("Claim Five"); (6) erroneous admission of testimonial hearsay ("Claim Six"); (7) instructional error ("Claim Seven"); and (8) insufficient evidence supporting Petitioner's conviction ("Claim Eight"). See Pet. at 11-89. In the Petition, Petitioner expressly states that while Claims Seven and

---

[1] Respondent has not lodged documents with the Court relating to Petitioner's state court proceedings. Hence, when summarizing the procedural history of this case, the Court relies on the allegations in the instant Petition and the websites of the California Court of Appeal and the California Supreme Court.

[2] The Court cites the Petition as if it were consecutively paginated.

1 Eight were presented in a prior filing in the California Supreme Court, Claims One
2 through Six have not and will soon be presented in a future habeas corpus petition
3 in the California Supreme Court.³ Id. at 6.

    On April 30, 2015, finding Claims One through Six to be unexhausted, the Court issued an Order Directing Petitioner to File Response Regarding Exhaustion. (Dkt. 4). In the Order, the Court offered Petitioner the choice of addressing the exhaustion issue by either: (1) explaining how Claims One through Six were exhausted; (2) voluntarily dismissing Claims One through Six and proceeding on his two exhausted claims alone; (3) voluntarily dismissing this action; (4) requesting a stay of all of his claims, pursuant to Rhines v. Weber, 544 U.S. 269, 277-78, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005); or (5) voluntarily dismissing Claims One through Six and requesting a stay of Claims Seven and Eight, pursuant to Kelly v. Small, 315 F.3d 1063, 1070-71 (9th Cir. 2003), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007). (Id.). The Court granted Petitioner until May 21, 2015 to elect any of these five options. (Id.). Petitioner has failed to file a timely response to the Court's Order.

///
///
///

**II.**

---

   ³    According to the California Supreme Court's website, on May 11, 2015, Petitioner filed a petition for a writ of habeas corpus in the California Supreme Court. Petitioner's statements in the instant Petition that he would attempt to exhaust Claims One through Six in a habeas corpus petition in the California Supreme Court, see Pet. at 6, likely refer to this May 11, 2015 petition. The May 11, 2015 petition is currently pending before the California Supreme Court.

3

## **DISCUSSION**

A state prisoner must exhaust his or her state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). To satisfy the exhaustion requirement, a habeas petitioner must fairly present his or her federal claims in the state courts in order to give the State the opportunity to pass upon and correct alleged violations of the prisoner's federal rights. Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (*per curiam*).

For a petitioner in California state custody, this generally means the petitioner must have fairly presented his or her claims in a petition to the California Supreme Court. See O'Sullivan, 526 U.S. at 845 (interpreting 28 U.S.C. § 2254(c)); Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999) (applying O'Sullivan to California). A claim has been fairly presented if the petitioner has both "adequately described the factual basis for [the] claim" and "identified the federal legal basis for [the] claim." Gatlin, 189 F.3d at 888.

The inclusion of both exhausted and unexhausted claims in a federal habeas petition renders it mixed and subject to dismissal without prejudice. See Rose v. Lundy, 455 U.S. 509, 522, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982).

Here, by Petitioner's own admission, Claims One through Six are unexhausted. See Pet. at 6. Moreover, despite having been afforded the opportunity to do so, Petitioner has neither voluntarily dismissed his unexhausted claims nor requested a stay of this action, pursuant to either Rhines v. Weber, 544 U.S. 269, 277-78, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005) or Kelly v. Small, 315 F.3d 1063, 1070-71 (9th Cir. 2003), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007). Hence, the Petition must be dismissed

without prejudice as a mixed petition.

## III.
## **ORDER**

The Court finds the Petition must be dismissed without prejudice for the reasons stated above.

ACCORDINGLY, IT IS HEREBY ORDERED that Judgment be entered summarily dismissing this action without prejudice.

DATED: June 8, 2015

_____
HONORABLE OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE

Presented by:

_____
KENLY KIYA KATO
UNITED STATES MAGISTRATE JUDGE

5